Davis, Assignee, *v.* Clements.

Debt by the assignee of a sealed note for the payment of money against the maker. The note was dated on the 10th of *June*, 1817, and payable on or before the 1st of *December*, 1818. Plea, that the note was given to the payee for the purchase money of a certain tract of land which he represented to be his, and for which he was to make a title to the defendant when the note should be paid; that the payee never had a title to any part of the land; and that, at the time of the plea, he was insolvent and had absconded from the state. *Held*, that the plea was, under the statute, a good bar to the action.

The statute secures to the obligor the same equitable defence in an action by the assignee, that he would have been entitled to had the action been by the obligee.

ERROR to the *Martin* Circuit Court.—Debt on a writing obligatory for 146 dollars and 66 cents, executed by *Clements* to *Harris*, and assigned by the latter to *Oliver*, and by *Oliver* to *Davis*. The obligation is dated on the 10th of *June*, 1817, and is payable on or before the 1st of *December*, 1818. Plea, actio non, because, &c. on the 10th of *June*, 1817, *Harris* represented to the defendant that he owned three lots of land in *Franklin* county, and offered to sell them to him. The defendant, accordingly, purchased the lots of *Harris* for the sum of 146 dollars and 66 cents; and then, on the 10th of *June*, 1817, executed the obligation in question for the same. *Harris*, at the same time, executed his bond to the defendant, conditioned for the making of a good title in fee-simple for the lots to the defendant, on his payment of the purchase-money. *Harris* never had any title to the lots—they being on the 10th of *June*, 1817, and still being the property of *Bates*. *Harris* has never been able to make the defendant a title for the lots. He is insolvent, and has absconded from the state. Hence the defendant was defrauded in the purchase, and has received no value for the obligation. The plea concludes with a verification.

General demurrer to the plea, and judgment for the defendant.

HOLMAN, J.—Agreeably to the case of *Leonard* v. *Bates*, *May* term, 1822, the decision of the Circuit Court in this case is correct (1). The demurrer admits the facts stated in the plea, that the note was given for the purchase-money for the

land; and that *Harris* never had a title to the land, and could make no conveyance to the defendant. These facts, alone, show that the consideration of the note has wholly failed. Although the title was not to be made until payment of the money, it was to be made as soon as the money was paid; and the defendant was not bound to part with his money, until he saw not only a disposition but an ability in the vendor to make the title. The cases cited in *Leonard* v. *Bates* support this position; and one of the principal reasons of this doctrine is given by Lord *Kenyon* in *Goodisson* v. *Nunn*, 4 T. R. 761,—"that it would be absurd to compel one party to a compliance on his part without a compliance on the other part, and put him to the necessity of having recourse to the other for non-compliance, when that other might be insolvent." But this case grows stronger by the consideration, that what is supposed possible in other cases, is reduced to a certainty in this; for it is a fact, admitted by the demurrer, that *Harris* the vendor is actually insolvent, and has absconded from the state. Under such a state of facts, the principles of common honesty would entitle the defendant to the most liberal construction of the foregoing doctrine in his favour.

The defendant does not, as the plaintiff's counsel supposes, rest this case as to the impeachment of the note on the ground of fraud, as he must have done at common law; but he rests his defence, principally, on a total failure of consideration under our act of assembly: and as there has been a total failure of consideration, he is authorized by the act of assembly to plead it. (2).

If this note had remained in the hands of *Harris*, and the action had been brought by him, this plea would have been an unquestionable bar to the action; and the act of assembly secures to the obligor the same equitable defence against the assignee that he would have had against the obligee; we therefore have no doubt but that the plea was properly sustained (3).

*Per Curiam.*—The judgment is affirmed with costs.

*Tabbs*, for the plaintiff.

*Dewey* and *Kinney*, for the defendant.

(1) Vol. 1. of these Rep. 172, and note (2), p. 176.—*Muchmore* v. *Bates*, Ibid. 248. Where, as in the case in the text, the payment of the purchase-money and the execution of the deed are to be concurrent acts, a suit cannot be sustained for the money until the vendor has executed or offered to execute the title. Ibid. Nor can the

vendee recover for a breach of the contract, in such a case, unless he has paid the whole of the purchase-money; *Huntington* v. *Colman*, Ibid. 348,—*Meriwether* v. *Carr*, Ibid. 413; and unless he has also made a demand of the deed. *Sheets* v. *Andrews*, *Nov.* term, 1829, post.

(2) *Leonard* v. *Bates*, cited in the text, and note (1).—R. C. 1831, p. 405.

(3) The statute, after making notes and bonds assignable, enacts:— "that such assignee or assignees shall allow all just set-offs, discounts, and defence, not only against himself, but against the assignor, before notice of such assignment shall have been given to the defendant." R. C. 1824, p. 330.—R. C. 1831, p. 94.