Dewey, J.
Debt by the assignees of a promissory note against the makers. Plea, the general issue. Trial by the Court, and judgment for the plaintiffs. On the trial, the defendants offered to prove that the note was given for the price *64 of certain liquors sold by the payee to tlie matters; that tie seller -warranted the liquors to be foreign liquors of good quality, when in truth they were domestic liquors of little or no value. The plaintiffs objecting, the evidence was rejected by the Court. ‘This is the error assigned.
*The note in question not being payable and negotiable at a chartered bank in this State, the makers were entitled to the same defense against the indorsees to which they would have had a right, had the action been by the payee. The rejection of the evidence raises the question,- whether the partial failure of the consideration of the note was admissible in evidence, under the general issue, for the purpose of lessening the amount to be recovered; or in other words, whether the injury sustained by the makers, in consequence of the breach of the warranty, could be set off against a part of the sum for which the note was given?
It is well settled law both in the English and American Courts that, in an action founded on a contract of sale for the stipulated price of the commodity sold, if there has been a violation of a warranty respecting the property, the injury sustained by such violation may be given in evidence in mitigation of damages, or in bar if the thing sold be of no value. This principle is founded upon the policy of .avoiding a circuity of action, as the rights of the parties can be as fully discussed and adjusted in an action for the price of the property, as if the purchaser were driven to a cross action on the warranty. It is true, that none of the English decisions has gone the length of suffering a partial failure of the consideration of a collateral contract, the consideration of which was the price of the subject matter of sale, to be given in evidence in mitigation of damages. But we see no solid distinction, in this respect, between an action founded on the original contract for the stipulated price of the article, and one founded on a collateral undertaking to pay that price. Certainly, circuity of action will be as much avoided in the one case as in the other. In New York the distinction does not exist. And in a late case in Massachusetts the authorities on the subject were collected, and after a careful review of them, *65 the Court held that a partial failure of the consideration of a collateral promise to pay the price of goods sold, might he given in evidence in mitigation of the damages. Harrington v. Stratton, 22 Pick., 510. This, we think, is the correct doctrine. The Circuit Court erred in rejecting the evidence offered by the defendants. (1)
D. H. Coleriok and W. H. Coombs, for the plaintiffs.
T. Johnson, for the defendants.
*Per Cwriam.—The judgment is reversed with costs. Cause remanded, &c.

 Vide Wynn et al. v. Hiday, Vol. 2, of these Rep., 123, and note. Tuecker v. Tipton, 4 Id., 529.