May Term, 1847.

DOREMUS
v.
BOND.

---

## DOREMUS v. BOND.

In a suit by the assignee of the payee of a promissory note against the maker, the defendant may plead the failure of the consideration of the note.

The plea in such suit was that the note, which was for 2,075 dollars and 28 cents, was given for part of the consideration (the whole being 30,000 dollars) of the sale by the payee to the defendant of several pieces of real property (describing them), for which a deed with covenants of clear title and warranty was executed at the time of the sale; that at that time, two of the pieces of property sold were incumbered by judgments and mortgages amounting in the aggregate to more than the note; that the defendant, to save those two pieces of property, had been compelled to pay off said incumbrances; that the note was for the only unpaid part of the purchase-money; and that the payee was insolvent: wherefore the consideration of the note had failed.

Replication, that the defendant paid the incumbrances, and the balance of the purchase-money, after notice of the assignment of the note.

*Held*, that the plea was good and the replication bad.

If one of several pleas to the whole action be adjudged good on demurrer, the suit is barred.

May Term,
**1847.**

DOREMIUS
v.
BOND.

Wednesday,
May 26.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Debt by the assignee against the maker of a promissory note. The note bears date *May* 2, 1839, is for the sum of 2,075 dollars and 28 cents, and is payable by *Abner D. Bond*, four years after date, to *Runnion* and *Pharos*, by whom, on the day of its date, it was assigned to the plaintiff. The defendant pleaded three pleas. Upon the first there was an issue of fact, and it need not be further noticed.

The second plea alleged, that the note in the declaration mentioned was given for a part of the consideration (the whole being 30,000 dollars) of the sale by *Runnion* and *Pharos*, the assignors of the note, to *Bond*, of several pieces of real property (describing them) in and about *Lafayette*, for which a deed with covenants of clear title and warranty was executed at the time of sale; that at that time two of the pieces of property sold were incumbered by judgments and mortgages in sums, the aggregate of which amounted to more than the note sued on; that the defendant, to save to himself those two pieces of property, had been compelled to pay and had paid off those incumbrances; that the note in suit was for the only unpaid portion of the purchase-money; and that *Runnion* and *Pharos* were insolvent; wherefore, he alleged, the consideration of the note had failed.

To this plea the plaintiff replied, that the defendant paid off those incumbrances and the balance of the purchase-money after notice of the assignment of the note.

Demurrer to this replication and joinder.

The Court sustained the demurrer. The defendant had final judgment in his favour below.

We will examine the decision upon the demurrer to the replication to the second plea. The first inquiry will be as to the validity of the plea. Two principal questions are made upon it. 1. Can a failure of consideration be set up in bar of an action brought by an assignee? 2. Is the matter of this plea properly pleaded as a failure of consideration?

VOL. VIII.—47

May Term,
1847.

DOREMUS
v.
BOND.

The cases of *Davis* v. *Clements*, 2 Blackf. 3, *Bowles* v. *Newby*, *Id.* 364, and *Comparet* v. *Johnson*, 6 *id.* 59, settle the first question to the fullest extent in the affirmative. If, therefore, the matter of defence of this plea is well set up by way of failure of consideration, the decision of the Circuit Court is in accordance with the previous decisions of this Court; and that it is so set up, we think both reason and authority decide. The plea states that the defendant purchased of the assignors of the note sued on real estate for the consideration of 30,000 dollars, which purchase was evidenced by a fee-simple deed containing covenants of clear title and undisturbed possession. Such a title then, at least, as should secure to the purchaser and his assigns perpetual quiet enjoyment, was the consideration for the purchase-money stipulated to be paid. Did the vendors give in this case, and continue according to the import of their covenants to maintain, to the purchaser, such a title? According to the allegation in the plea they did not, but the purchaser was compelled to and did pay incumbrances to a greater amount than the note sued on — it being for the only unpaid portion of the consideration, — but for the payment of which incumbrances, he would have lost the possession and title to the property purchased, or a part thereof. In just the amount, then, that the vendors have suffered the purchaser to pay by compulsion, to secure the benefit of their covenants of title and possession, have those covenants failed as a consideration; and that failure being perfected before the payment of all the purchase-money, it may be recouped out of the original consideration. The defendant is not bound to plead the matter by way of set-off, springing as it does out of the default of the vendors in relation to the original contract, and not from any new or subsequent dealing on his part. The authorities which we think support this view of the subject are *Frisbee* v. *Hoffnagle*, 11 Johns. 50, — *Batterman* v. *Pierce*, 3 Hill, 171, — *Comparet* v. *Johnson*, 6 Blackf. 59. We think the plea good.

The replication does not deny the plea, but confesses and attempts to avoid it. We think it fails of such avoidance. The simple fact that the defendant paid the incumbrances

and previous portion of the purchase-money, after notice of the assignment of the note in question, was not sufficient to prevent the defendant from relying on such payment as a defence to this action. . To have had that effect, the payment surely should have been *voluntary*. That the payment of the incumbrances was not so is alleged in the plea, and the allegation is not denied in the replication. And as to the previous portion of the purchase-money, the notes for it may have all been in the hands of as innocent assignees as is the present plaintiff, and for aught the replication shows, may have been sued on and passed into judgments, which were paid by the defendant after notice of this assignment; and perhaps the last instalment of the purchase-money was the proper one against which to set up the present defence. What would have been the effect, however, of a voluntary payment of the incumbrances in this case, or of a voluntary payment after notice of the assignment of this note, to the vendors, or their assignee, of the previous portion of the purchase-money, we do not now decide. We think the demurrer rightly sustained to the replication, as it does not sufficiently avoid the allegations in the plea; and as the plea goes to the entire cause of action, and the plaintiff suffered final judgment on demurrer, the judgment of the Circuit Court must be affirmed. One good plea bars the action.

It is unnecessary to examine the questions upon the third plea.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Ingram* and *R. Jones*, for the appellant.

*D. Mace, R. A. Lockwood,* and *G. S. Orth,* for the appellee.