Nov. Term, 1857.

SLAYBACK
v.
JONES.

*D. S. Major*, for the appellant.

*J. Ryman*, for the appellees.

(1) *Ante*, 433.

———————————

SLAYBACK and Another *v.* JONES.

In a suit against the principal and sureties upon a promissory note, a counter-claim in favor of the principal may be set up by all the defendants.

Counter-claim under the new practice is the same as recoupment under the old.

A. sold land and crops to B., gave possession and took a promissory note for the price. Subsequently A. trespassed upon the land and took the crops. Afterwards, he sued B. upon the note. *Held*, that B. could not recoup damages for the trespass.

Recoupment or counter-claim, relates more especially to damages for breach of contract, which may be recouped in a suit for what may have been done or rendered in part performance.

As a general rule, contracts and trespasses cannot be liquidated by recoupment or counter-claim.

*Friday,*
*November 27.*

APPEAL from the *Tippecanoe* Court of Common Pleas.

PERKINS, J.—This was an action on a promissory note

made by the defendants below to *Nelson Littleton* and *Ambrose L. Vorhis*, for 533 dollars and 33 cents, dated *September* 2, 1854, and by them assigned to *Jones*.

Answer in two paragraphs—

1. Payment before suit brought.

2. That the defendants below had suffered damages to the amount of 800 dollars, through the wrongful acts of the payees, connected with the transactions upon which the note was founded, as follows; that the note was given in part payment for the interest of the payees in a tract of land, being, &c., which they held by title-bond from one *Ellsworth*, and which they assigned to *Solomon Slayback* at the date of the note; that *Amaziah Slayback* was merely surety in the note; that *Solomon* went into possession of the land on the 2d of *September*, 1854—the date of the note—and "that afterwards, viz., during the month of *October*, 1854, said *Littleton* and *Vorhis*, wrongfully and without license, entered upon said tract, and wrongfully and unlawfully gathered the crop of corn there standing in stalk on the same, and carried it away and converted it to their own use, through which the said defendant, *Solomon*, was damaged 800 dollars," &c.

To the first paragraph of the answer, the plaintiff replied, denying the payment.

To the second paragraph of the answer, the plaintiff below demurred, on the ground that the facts set up were subsequent to and independent of the giving of the note; that they were trespasses; that they were causes of action in favor of *Solomon Slayback*, and not in favor of both defendants below; and that they were not the subject of a set-off or counter-claim.

This demurrer was sustained, and the issue on the first paragraph of the answer was tried by the Court, and resulted in finding a judgment for the amount of the note and interest. The evidence is not set out.

The only question in the record is as to the propriety of sustaining the demurrer to the second paragraph of the answer.

The case, still more shortly stated, is, substantially, this:

Nov. Term,
1857.

SLAYBACK
v.
JONES.

*Littleton* and *Vorhis*, the payees of the note, and who, for the sake of simplicity of statement, may be regarded as the plaintiffs in this suit, sold a piece of land, including the crops upon it, to *Solomon Slayback*, taking his note for the purchase-money, and putting him in possession. They shortly afterwards took away from the land the crops, which formed a part of the consideration of the note. They now sue upon the note. *Slayback* sets up, by way of counter-claim, the value of the crops removed. *Littleton* and *Vorhis* deny his right to do this, because, they say, they took the crops by way of trespass, and because the suit is against *Solomon Slayback* and his surety on the note.

This second position may be passed, with the remark that if the defense by way of counter-claim, can be set up against the note, it may be done by both, as well as it might be by the principal, were the suit against him alone. Springing, as a counter-claim must, out of the transaction itself, it may be set up by all parties defendant, equally as a payment by the principal, or a failure of consideration might be.

The defenses which may be set up to suits on promissory notes vary according to circumstances. Want and failure of consideration, breach of warranty, fraud, payment, set-off, and recoupment, have heretofore been familiar to the profession—the latter, however, the least so. Yet it is a common-law term and defense. See Sedg. on the Measure of Damages, 427, *et seq.* It was called, also, counter-claim. Indeed, in attempting to define it, writers and judges have said it was a counter-claim. Such was the use and definition of the term in the Reports of decisions in this state. *Doremus* v. *Bond*, 8 Blackf. 368.— *Epperly* v. *Bailey*, 3 Ind. R. 72, and note.— *Clark* v. *Wildridge*, 5 *id.* 176.— *Estep* v. *Morton*, 6 *id.* 489 (1). They seemed to run together. A counter-claim was the pleading under which a recoupment was had. Most of these modes of defense have been adopted to avoid circuity of action, more strictly, cross actions, and are to be favored. Sedgwick, *supra.*

The definition in our R. S. 1852, of counter-claim, is identical with the previous definition in the *American* reports of recoupment, and it is the same thing. See 3 Ind. R. *supra*.

If, then, the claim in this case could have been recouped, it may be set up by way of counter-claim. If it can be regarded as fairly a part of the transaction in which the note sued on originated, the defense may be sustained. This is the point of difficulty. How must the cause of action and defense be related or connected, to justify arraying them against each other—settling them in the same, instead of other suits?

The Court held in *Lovejoy* v. *Robinson*, 8 Ind. R. 399, that trespasses could not be thus liquidated. At the same time it was admitted that counter-claim was something different from set-off, for that is also provided for by statute; and it must be something different from want or failure of consideration, defenses still available as before the statute. Still, it must be a defense connected with the transaction or subject-matter out of which the cause of action sprung. In this suit, the cause of action is a note for the price of land and crops, all which were delivered in discharge of the contract. The payees of the note subsequently trespassed upon the land, and took from the maker the crops, a part, it is true, of the consideration of the note. They now sue for the amount of the note. And it may be plausibly asked, why may not this loss be recouped? Why should the defendant be compelled to pay the whole note, and risk recovering back his damages from perhaps insolvent men? Why is it not just one of the cases where the doctrine of counter-claim should be applied—one between a failure of consideration and a set-off? If counter-claim is anything more than one of these, why must it not apply to such a case as this? If it will not, as a separate means of defense, is it anything? is it not tautology, surplusage, in the statute-book?

But there is authority which we regard directly in point. The leaning of this Court has been against allowing such defenses as that here set up; and the decisions are against

Nov. Term,
1857.

SLAYBACK
v.
JONES.

it. Recoupment and counter-claim are confined to a narrower line of defense. Sedgwick, and *Epperly* v. *Bailey*, *supra*. They relate more especially to damages for breach of contract, which may be recouped in a suit for what may have been done or rendered in part performance of a contract. In such cases, the cause of action and defense are a part of the same transaction. In this case, the cause of action originated in a contract. That was one transaction. That contract was fulfilled, and the transaction terminated on the part of *Littleton* and *Vorhis*. Subsequently, they committed a trespass upon the property of *Slayback*—property, as it happened, that he had purchased of them—it might have been other—and that was a different transaction, and, so far as appears, having no connection with the original one.

In *Cram* v. *Dresser*, 2 Sandf. 120, where the *New York* cases are reviewed. SANDFORD, J., uses this illustration: "Suppose that an action is brought for the price of a horse, and the defendant should plead, that the next week after the sale, the plaintiff, without permission, took the horse out of the defendant's stable, drove him out of town and foundered him. Would such a plea be maintained, either as an entire defense or by way of recoupment?" Yet in such case, the foundering of the horse is no more remote from the contract of sale of him, than is the trespass to the lands and crops, in this case, to the sale of them.

It would seem, then, that, as a general rule (there may be exceptions), contracts and trespasses cannot be liquidated by way of recoupment or counter-claim, no more than several trespasses.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*G. S. Orth* and *J. A. Stein*, for the appellants.

*R. C. Gregory*, *H. W. Chase*, and *J. A. Wilstach*, for the appellee.

(1) See note to *Lovejoy* v. *Robinson*, 8 Ind. R. 399. See, also, authorities cited in Sedg. on Dam. ch. 17 *passim*, where set-off and recoupment are discussed at length.