*Hendricks & Hord*, for the appellee.

---

McClintic's Administrator *v.* Cory *et al.*

PLEADING.—Want of consideration and failure of consideration are not identical in their nature, and may be separately pleaded in answer to the same action.

PLEADING.—An answer setting up a matter by way of counter-claim as a bar to the whole cause of action, which is sufficient only to bar a part of it, is bad.

CONTRACT—PAROL EVIDENCE TO VARY.—Where a note is executed by *A* to *B*, which is absolute and unconditional upon its face, and it is agreed between them at the time, by parol, that the note shall

not be paid unless a certain other note, then transferred by *B* to *A*, could be set off by *A* against *C*, the payor of the latter, whom *A* owed at the time, and *A* fail to secure the set-off against *C*, and *B* sue *A* on his note, such parol contract can not be pleaded to show a failure of the consideration of the note of *A*, and such cotemporaneous parol agreement would not be admissible in evidence to contradict or vary the terms of the note.

APPEAL from the *Jackson* Common Pleas.

WORDEN, J.—Action by the appellant against the appellee upon a promissory note of the following terms:

"$233 98. *Reddington, Ind., June* 11, 1861.

"Twenty days after date, we promise to pay to the order of *John C. Prather*, administrator *de bonis non* of the estate of *J. T. McClintic*, deceased, 233 dollars and 98 cents, without defalcation, value received, without any relief whatever from valuation, appraisement, or stay laws.

"NOAH CORY.<br>"S. VOORHEES."

Issue, trial, verdict, and judgment for the defendants.

The first error assigned is, that the Court refused to compel the defendants to elect between the 2d and 3d paragraphs of their answer. The second paragraph will be noticed at large hereafter. The third alleged that the note was given without any consideration. The paragraphs were substantially different, and in respect to the point now under consideration, the Court committed no error. Even if the second be regarded as a plea of failure of consideration, we see no good reason why want of consideration may not also be pleaded.

The second error assigned is in the overruling of a demurrer to the second paragraph of the answer. This brings us to the important question in the cause, as the verdict seems

to have been found upon the matters set up in this paragraph.

The paragraph in question alleges, in substance, the following facts:

*Cory* was principal, and *Voorhees* surety, upon the note in suit. *Prather*, the plaintiff, as surety, and one *James D. Cutter*, as principal, (the latter of whom having died insolvent at the time the note in suit was given,) had executed a promissory note to a former administrator of the estate of *McClintic*, for the same amount as that in suit. The note thus given by *Cutter*, with the plaintiff as surety, afterwards came into the hands of the plaintiff as part of the assetts of said estate. *Cory*, as principal, and *Voorhees*, as surety, had executed a promissory note to the said *Cutter*, for 1000 dollars. The plaintiff, as such administrator, indorsed the note thus held by him as assets, and transferred the same to *Cory*, for which *Cory*, with *Voorhees* as his surety, executed the note in suit. Concurrently with, and as a part of the transaction, it was understood and agreed between the plaintiff and *Cory*, if the latter should succeed in setting off the note thus assigned to him by the plaintiff, against the note which he and *Voorhees* had executed to *Cutter*, then the defendants were to pay the plaintiff the amount thereof at the expiration of one year from the time the same should be set off, without interest; but if *Cory* should fail to make the set off, then the note was to be returned to the plaintiff, who was to pay costs, attorney's fees, &c., and the note sued on was executed to show the amount which would be due from *Cory* in the event that he should be able to make the set off. The note from *Cory* and *Voorhees* to *Cutter* had been assigned to one *Billings*, who sued upon it, and *Cory* failed to make the contemplated set off. It is alleged that the costs in attempting to enforce the set off amounted, with attorney's fees, to 150 dollars. The note thus transferred to *Cory* has been stolen and can not,

therefore, be returned to the plaintiff. The paragraph commences "by way of counter-claim," and concludes by alleging "that the said note was given for the above consideration and no other whatever, and the same has wholly failed; he, therefore, asks judgment for 150 dollars."

If we regard the paragraph as a counter-claim merely, it is bad, because the matter set up by way of counter-claim is only 150 dollars; much too small a sum to bar the claim to which it is pleaded. This being the case we need not decide or discuss the question whether an agreement by the plaintiff to pay the costs and expenses in attempting to enforce the set off, which he must have made in his individual capacity, having no right to bind the estate in that respect, could be made the subject of a counter-claim against a note executed to him as such administrator. We may remark, however, that an agreement on the part of the plaintiff to pay costs and expenses in attempting to enforce the set off, in no wise varies or contradicts the note in suit, and if it had been pleaded to so much only of the complaint as the costs and expenses amounted to, we see no reason why the answer would not have been valid, unless, indeed, it would have been bad on the ground that the note was given the plaintiff in a fiduciary capacity. As it is, the paragraph was clearly bad as a counter-claim. It does not seem to have been treated below as a counter-claim. There was a general verdict and judgment for the defendants. The paragraph was regarded as going to the entire action. The question arises whether the paragraph shows a failure of the consideration of the note in suit. How is such failure attempted to be shown? Simply by alleging that cotemporaneously with the execution of the note, it was agreed between the parties, by parol, that in the event that *Cory* should fail to make the set off, the note assigned to him by the plaintiff should be returned; and the note in suit to be paid only on condition that the set off

should be made. The note in suit is for the payment of a definite sum, at a specified time, absolutely and unconditionally. The defence set up may be called a failure of consideration, but it is nothing more than an attempt, under that name, to break through the rule, as well established in this State as elsewhere, that parol evidence of a cotemporaneous agreement of the parties, can not be received to contradict or vary the legal effect of a written instrument. The numerous cases on this subject in our own reports will not be here collected; they may be found running through nearly every volume.

What was the consideration of the note in suit? It was, undoubtedly, the transfer by the plaintiff to *Cory*, of the *Cutter* note. It is not disputed that *Cory* received the entire interest in, and title to, the latter note, and the benefit of whatever obligation the plaintiff assumed by indorsing it. This consideration has in no manner failed.

The object that *Cory* expected to accomplish by purchasing the note, failed; but it can not thence be said that the consideration failed. The object or purpose which a man has in view in buying a given article, forms no part of the consideration which he pays for it. A few cases may be cited to show that such a defence as is here set up, can not prevail on the ground of a failure or want of consideration.

In *Harvey* v. *Laflin*, 2 Ind. 478, suit was brought on a note executed by the defendant to the plaintiff, for 295 dollars. The defence set up was, that one *McClary* was indebted to the plaintiff and the defendant, as parties, in the sum of 1100 dollars, for which amount *McClary* had executed his note to the defendant alone, but for the benefit of both plaintiff and defendant. On a settlement of accounts between plaintiff and defendant, it was ascertained that there would be due to the plaintiff, out of the sum owed by *McClary*, 295 dollars; thereupon, for the purpose of furnishing the plaintiff with evi-

McClintic's Administrator *v.* Cory et al..

dence of the interest which he thus held in the *McClary* note, and for no other purpose, the note sued on was executed, with an understanding that it was to be paid only when the debt due from *McClary* was collected; that although diligence had been used to collect the *McClary* note, it remained unpaid, and *McClary* was insolvent. It was held that no want of consideration was shown, and that parol evidence was inadmissible to contradict the note. As well might it be claimed in the case above cited, that the note sued on was given in consideration of the money which the defendant expected to collect from *McClary*, and that not being able to collect it, the note in suit was without consideration, or that the consideration had failed, as it can be in the case at bar, that the consideration has failed. Again in the case of *Columbia* v. *Amos*, 5 Ind. 184, suit was brought upon a note. The defence was that the note was given for a sick stallion; that it was agreed at the time the note was executed that it should not be paid unless the stallion got well; and that the stallion did not get well. The defence was held bad. It might as well be said in this case that the note was given for the stallion if he got well, and that the consideration failed because he did not get well, as to claim a failure of consideration in the case at bar.

Going out of our own State, we find that the case of *Allen et al.* v. *Furbish*, 4 Gray, is strikingly in point.

The suit was upon a promissory note given by the defendant to the plaintiff. The defence set up was that the defendant bought a horse of the plaintiff, paid a part of the price down and gave the note in suit for the residue; that it was agreed at the time of the purchase, as an inducement to the bargain, that if the defendant should be dissatisfied with the horse within three months, he might return it to the plaintiff, rescind the contract, and receive the note and money; that the horse was bought upon that condition; and

that within a week after the purchase, the defendant was dissatisfied, took the horse back and offered it to the plaintiff and demanded the money and note, but the plaintiff refused to receive him. The ground taken there, by counsel, was that the parol evidence did not tend to affix any condition to the note, but established a failure of consideration. It was held, however, that no failure of consideration was shown, and that the parol evidence was inadmissible to defeat the note.

The counsel for the appellees claims that there was a failure of consideration, and has put some cases that are supposed to be analagous, to show that parol evidence may be received. He puts the case of an unconditional note being given for the price of a horse warranted sound, the warranty existing in parol only, and assumes that the breach of the warranty may be set up as a defence to the note, without violation of the rule that excludes parol evidence to contradict or vary the terms of the note. This all may be. The defence of a breach of warranty does not go to the consideration of the note, nor does it attack the validity of the note in any manner whatever; it does not go to contradict its terms or legal effect. Such defence rests exclusively upon the ground that as the plaintiff has broken his contract, the defendant has a right of action against him; but the Court, to avoid circuity of action, will permit the defendant to set up what damages he has sustained by the breach of warranty, in an action against him on the note. *Comparet* v. *Johnson*, 6 Blackf. 59. In the case before us, it is not alleged that the plaintiff made any warranty that *Cory* should be able to make the intended set off.

Again, the case is put of a purchaser of land under a general warranty deed, who gives an unconditional note for the purchase money, and is ousted by one having a superior title. It is claimed that the facts can be set up as a defence to the note without violating the rule. No doubt the defence is

McClintic's Administrator *v.* Cory et al.

available, but it does not go to the consideration of the note, nor does it contradict or vary its terms. The defence rests exclusively upon the breach of the grantor's covenants. This is shown conclusively by the fact that, if the purchaser has no covenants of warranty, he has no defence to the note he has given. *Laughery* v. *McLean,* 14 Ind. 106.

In any view we can take of the case, it seems to us that the defence set up, so far as it is intended to defeat the note, is in violation of the rule adverted to, and the pleading consequently bad.

The rule may seem to operate harshly in particular cases, but it is universally established where the common law prevails, and no doubt its general effect is salutary and beneficent.

If parties, notwithstanding the rule, see proper to rest their contracts partly in writing and partly in parol; to attach and rely upon parol conditions inconsistent with their written stipulations, when they might as well have had them "nominated in the bond," they can not expect the Courts to violate the rules of law for the purpose of extricating them from the difficulties in which their own want of care and prudence has placed them.

The error in overruling the demurrer to the paragraph of the answer in question, is the first that occurred in the proceedings, hence we need not examine any further errors assigned.

*Per Curiam.*—The judgment below is reversed, with costs.

*Francis T. Hord,* and *Martin Ferris,* for the appellants.

*William K. Marshall,* and *R. M. Patrick,* for the appellees.