*S. H. Buskirk*, for appellant.

————•————

## EVANS and Another *v.* BRADFORD.

PARTNERS.—*Sale of Interest.—Lien of Taxes.—Set-off.*—Where one partner in a firm sold his interest in a stock of goods belonging to the firm to his copartners, receiving their promissory note therefor, and subsequently, to prevent a seizure and sale of the goods for delinquent taxes, which were a lien on the entire stock when said interest was so purchased, said co-partners paid off the amount of the taxes;

*Held*, that the partners who had so purchased said interest could set-off against a like portion of the sum due on the note, the amount of taxes so paid by them which constituted a lien on the interest so purchased.

APPEAL from Tipton Common Pleas.

BUSKIRK, J.—The appellee sued the appellants upon a

promissory note, executed by them on the 7th day of August, 1865, payable to the order of A. C. Davis, for the sum of $1,175, which was indorsed to the appellee by the original payee. .

The appellants answered in four paragraphs. The appellee demurred to the first and replied in denial to the others. The demurrer was sustained and proper exception taken. The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the appellee. The court overruled a motion for a new trial, and rendered final judgment on the finding.

The first and principal error relied upon by the appellants for the reversal of the judgment is based upon the action of the court in sustaining a demurrer to the first paragraph of the answer.

The substantial averments in the first paragraph of the answer were these:

That Davis, Evans and McMillen were, on the first day of January, 1865, engaged as partners, in selling boots and shoes, in the city of Indianapolis, county of Marion, and State of Indiana; that the said firm owned no real estate, but carried on this business in a rented house; that the stock in trade belonging to the said firm was in due form of law assessed and taxed for State, county, school, township and city purposes for the year 1865; that on the 7th day of August, 1865, Evans and McMillen purchased of Davis his equal one-third interest in the stock of goods and merchandise belonging to the said firm, and in consideration thereof executed the note sued upon; that the said taxes so assessed as aforesaid, were not paid by the said firm, or any member thereof, and became and were delinquent; that on the 18th of August, 1866, the proper officers were about, by distress and sale of the partnership goods, to make the said taxes, with the interest, damages, and costs thereon; and that to prevent such sale they paid the same, amounting in the aggregate to the sum of seven hundred and nine dollars and sixty-two cents; that one-third of said sum, two hun-

dred and thirty-six dollars and seventy-seven cents, was for the taxes upon the interest which the said Davis had sold to them in the said stock of goods; that the principal of the said taxes was due and unpaid when the said Davis so sold his said interest in the stock of goods; and that they were paid by the defendants before the said Davis sold and transferred his interest in the said note to the plaintiff; that the said taxes were paid by, and the receipt was taken in the name of the said firm of Davis, Evans & McMillen, a copy of which was filed with the answer; and that the interest upon the said sum, so paid by them, added to the sum paid, made the said Davis indebted to them in the sum of two hundred and sixty-five dollars and twenty-one cents, which sum they demanded should be a set-off against the said note.

The question presented for our decision is, were the defendants entitled to set off against the note sued on, the amount which they had paid on the taxes of the said Davis, on the stock of goods by him sold to them, and for which the note was given.

The answer shows the following facts: Davis, Evans & McMillen, as partners, owned a stock of goods. Evans and McMillen purchased of Davis his interest in such partnership property, and gave the note in suit. When such purchase was made there was an incumbrance upon the stock of goods, for taxes due and unpaid upon the partnership property. It does not appear that Evans and McMillen purchased any more than Davis' interest in the stock of goods, nor does it appear that they assumed the payment of the partnership debts and liabilities. The taxes constituted a lien upon the partnership property. Davis failed to pay his share of the taxes. The defendants paid all of the taxes, and now ask to set off one-third of the amount against Davis.

Was it the duty of the defendants to pay the taxes and

save the property from being sold? and if they did pay off such incumbrance, can they plead the same as a set-off?

It is well settled that the purchaser of real estate which is encumbered with a mortgage, judgment, or taxes, has the right to discharge such incumbrance without any request from the vendor; and that the sum so paid can be set off against any sum that may be due for the purchase-money; and we are unable to see why the same rule will not apply in a case like this.   See *Burk* v. *Clements,* 16 Ind. 132; *Doremus* v. *Bond,* 8 Blackf 368; *Davis* v. *Clements,* 2 Blackf. 3; *Bowles* v. *Newby, Id.* 364; *Comparet* v. *Johnson,* 6 Blackf. 59; Waterman on Set-off, 578, and notes.

We think that it was not only the right, but the duty of the defendants to pay such taxes without any request on the part of Davis, and having paid the same, as alleged in the answer, before the assignment of the note, the sum so paid on the one-third interest of Davis, with interest thereon, constituted a valid set-off against the note.

We think the court erred in sustaining a demurrer to the answer.

The conclusion to which we have arrived renders it unnecessary to examine or decide on the other question which has been pressed in argument.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*John Green* and *D. Waugh,* for appellants.
*N. P. Richmond* and *D. Moss,* for appellee.