McNiel *et al. v.* Farneman, Treasurer.

*S. H. Buskirk* and *J. R. Isenhower*, for appellant.

---

● MCNIEL ET AL. *v.* FARNEMAN, TREASURER.

PRACTICE.—*Motion for New Trial.*—A motion for a new trial must be made at the term at which the verdict is rendered, unless for a cause occurring afterward.

TAXES.—*Lien.*—*Levy of Execution.*—When the treasurer of a county acquires a lien for taxes on personal property, by the duplicate coming into his hands, his lien is superior to an execution subsequently levied.

APPEAL from the Carroll Circuit Court.

DOWNEY, J.—This was an action to recover the possession of certain personal property, commenced by the appellee, as treasurer of Carroll county, against McNiel, who was a constable, and certain others. The material question in the case grew out of the facts that McNiel, as constable, by virtue of certain executions in his hands, issued by a justice of the peace, had levied on the property in question, and the treasurer, by virtue of his tax duplicate and precept, also seized the same property for taxes due from the execution defendants; and the question was, which was the paramount lien on the property.

The issues formed were tried by the court, and there was a finding that the defendant, the constable, was entitled to the possession of the property; and it was ordered to be returned to him, "subject to a paramount lien of five hundred and ninety-five dollars, held by the plaintiff, Isaac Farneman, treasurer," etc. At the next term after that at which the de-

cision was made, but before judgment was rendered, the defendants asked leave to move for a new trial, to which plaintiff objected, and which the court refused to grant. No written reasons therefor appear in the record. Thereupon the defendants moved the court to arrest that part of the judgment relating to the paramount lien, which motion was also overruled. The ground of this motion is not disclosed.

We are at a loss to know exactly what questions, if any, are presented to us by the record and assignment of errors.

The first error alleged is, that the court erred in finding that the appellee had and held a paramount lien on the property mentioned in the complaint.

Now, since the evidence is not in the record, we do not see how we can say anything about the correctness of the finding.

The second error assigned is, that the court erred in rendering judgment for the appellants for a return of the property mentioned in the complaint of appellee, subject to a lien of appellee. Whether the rendition of the judgment was correct or not, depended upon the finding. If the court found the lien to exist, it was right to declare it in the judgment.

The third error complained of is, that the court erred in refusing to allow the appellants to file a motion for a new trial. There was no error in this. The motion, except for causes discovered after the term, must be made at the term at which the verdict or decision is rendered. 2 G & H. 215, secs. 354, 356. We must presume that the leave was properly refused, as nothing to the contrary is shown. It does not appear that the causes for a new trial were discovered after the term at which the decision was rendered.

The fourth and last error alleged is, that the court erred in overruling the motion to arrest the judgment, on that portion of the finding as to a paramount lien of the appellee. This presents a new question; that is, whether a party can move in arrest of judgment as to that part of the verdict or finding which is against him, and not as to the whole of it.

But passing over this question, let us inquire as to the law of the case.   The complaint alleges that the plaintiff "is entitled to the possession of the property, by virtue of having levied upon the same for taxes due said county and State, of which the defendant, McNiel, constable, has possession without right, and which he unlawfully detains from the plaintiff."   The answer was, first, a general denial; and, second, that at the time of the commencement of the suit, McNiel was constable, and had in his hands executions, and that he levied the same on the property in question and took possession thereof, long before the plaintiff levied upon or seized the same, and that at that time the execution defendants had other property out of which the taxes could have been made.   There was a general denial of the second paragraph of the answer.

Might the court under these issues have found that the treasurer had, by virtue of his duplicate and seizure, or by virtue of the duplicate alone, such lien?   We think so.   If so, then we can see no ground for the motion in arrest of that part of the judgment relating to the lien.   If the treasurer acquired a lien on the property from the time when the duplicate came to his hands, as seems to be the case, *Barker* v. *Morton*, 19 Ind. 146, this lien would not be devested in favor of an execution subsequently issued and levied.   *Veit* v. *Graff*, *post*, p. 253, and *Evans* v. *Bradford*, 35 Ind. 527. The lien of a junior execution first levied, where they are in the hands of different officers, takes precedence over an older one levied afterward, or not levied at all; but this rule cannot apply as to liens for taxes.   2 G & H. 232, sec. 413.   Why the court found that the constable had the right to the possession of the property, while the county treasurer had the paramount lien, we do not quite see.   But the appellants are not complaining, and cannot complain of this part of the judgment.

The judgment is affirmed, with costs.

*B. B. Daily*, and *D. B. Graham*, for appellants.

*L. E. McReynolds*, for appellee.