## SEMANS v. HARVEY.

TAX.—*Tax on Land Sold Under Decree of Foreclosure.*—The purchaser of real estate under a decree of foreclosure of a mortgage, who, after the conveyance thereof to him by the sheriff, to prevent the sale of such land, has paid taxes accrued and properly charged, prior to said sale, against one who was the owner in fee of said land, subject to said decree and mortgage, which taxes constituted a lien upon said land, cannot, without showing a warranty in said mortgage or any contract of the mortgagor to pay the taxes that might accrue on the mortgaged premises, recover of said owner the amount of the taxes so paid.

From the Hamilton Circuit Court.

D. *Moss* and *F. M. Trissal*, for appellant.

*W. O'Brien* and *R. Graham*, for appellee.

DOWNEY, C. J.—The appellee sued the appellant for money had and received and for work and labor performed.

The defendant pleaded several paragraphs of answer, to the fourth of which a demurrer was sustained. There having been judgment for the plaintiff, the defendant appealed to this court, and has here assigned as error the ruling of the circuit court in sustaining the demurrer to the fourth paragraph of the answer.

The paragraph in question contains the following facts: that on the 19th day of May, 1870, the defendant purchased at sheriff's sale, on a decree of foreclosure, certain real estate in Hamilton county, which was then owned, in fee simple, by the plaintiff, subject to such decree and the mortgage on which the same was rendered; that for three years prior to said sale the plaintiff had been a resident of said county and taxable therein, during which time taxes had accrued against him, and were charged on the proper duplicate of said county, amounting to three hundred and fifty-three dollars and thirty cents, which said taxes the plaintiff had failed to pay, and the same were a lien on said real estate; that the plaintiff failed to redeem said land, and the same was conveyed by the sheriff to the defendant; that thereafter the defendant paid said taxes to prevent the sale of the land; that said taxes ought to have been paid by the plaintiff, and that the defendant paid the same for the use of the plaintiff; that the plaintiff has failed and refused to pay to the defendant said amount of money, although often requested, and the defendant offers to set the same off against, etc., and demands judgment for the residue, etc.

In favor of the sufficiency of the answer, the appellant's counsel refer to *Rardin* v. *Walpole*, 38 Ind. 146, *Evans* v. *Bradford*, 35 Ind. 527, and 2 Greenleaf's Ev. 111, sec. 114.

We think these authorities do not warrant the position

assumed.   The paragraph in question does not disclose any warranty in the mortgage or any contract on the part of the mortgagor to pay the taxes that might accrue on the mortgaged premises.   The question turns on the effect of the judicial sale of the premises.   Mr. Rorer, in his work on judicial sales, p. 167, states the law with reference to such sales as follows:

" It is a well settled principle that in judicial sales there is no warranty.   This principle, as a general rule, holds good as to all those sales of real property (they being in character judicial sales) made in equitable proceedings, under the direction and control of the courts, usually denominated mortgage sales, guardian's, executor's, and administrator's sales, sales for enforcement of vendor's and statutory liens, and sales in proceedings for partition.   In short, in all sales made under supervision and control of the courts on decrees in equity or on decrees made in the exercise of equity powers, there is no warranty; the purchaser takes what he gets.   The officer, trustee, or person executing the deed is the mere 'agent or instrument' of the court; is not liable for defect of title or insufficiency of the proceedings; nor at all, except for fraud, unless he conveys with warranty, and then the covenant of warranty binds him personally and him only."

The authorities cited by the author seem to sustain his statement of the rule.   Suppose there had been a prior mortgage or judgment on the property, and the appellant had, after his purchase of the premises, paid off such prior mortgage or judgment, could it be held that he had thereby acquired a cause of action against the appellee for the amount paid?   We think not.   It seems to be settled that the mortgagee may pay taxes on the premises, prior to foreclosure, to preserve the security, and, in such case, have the same allowed to him in the judgment as a part of his claim against the mortgaged premises.   This is no more than he may do as to any other valid prior incumbrance, which it is necessary for him to pay in order to preserve his security.   *The*

*Silver Lake Bank* v. *North*, 4 Johns. Ch. 370; *Faure* v. *Winans*, Hopk. Ch. 283; *Barr* v. *Veeder*, 3 Wend. 412; *Rapelye* v. *Prince*, 4 Hill, N. Y. 119; *Robinson* v. *Ryan*, 25 N. Y. 320. But not having taken this course, but having purchased the land with the incumbrance upon it, it may be presumed that he took the incumbrance into account in determining the amount which he would pay, and that he bought the land with the understanding that he would have to discharge the incumbrance in addition to the amount bid by him at the sale of the premises. We hold that there was no error in sustaining the demurrer to the fourth paragraph of the answer.

The judgment is affirmed, with five per cent. damages and costs.