No. 12,254.

WEST ET AL. *v.* HAYES ET AL.

MORTGAGE.—*Deed Absolute on Face.*—*Finding of Trial Court.*—A finding by the trial court that a deed, absolute on its face, was given merely as a mortgage to indemnify the grantee against loss as surety for the grantor, will not be reviewed on appeal if there is evidence tending to support it.

SAME.—*To Indemnify Surety.*—*Appeal Bond.*—*Taxes Paid by Mortgagee Pending Appeal.*—Where a person executes a mortgage to indemnify a surety on an appeal bond, the mortgagee, although he suffers no other loss, is entitled to enforce the lien of the mortgage to the extent of taxes paid by him on the real estate pending the appeal.

From the Ohio Circuit Court.

*J. K. Thompson, G. M. Roberts* and *C. W. Stapp*, for appellants.

*W. N. Hauck*, for appellees.

OLDS, J.—This action was brought by the appellants against the appellees to have a deed declared a mortgage and for foreclosure of the same.

On March 30th, 1880, appellees Hayes and Hayes, husband and wife, executed to appellants a deed absolute on its face. Appellant Harding was then liable for Mr. Hayes on an appeal bond in the case of Morgan *v.* Hayes, from the Dearborn Circuit Court, in the sum of $4,500. On the 24th day of April, 1880, both of appellants became liable for Mr. Hayes on an appeal bond in the case of Burkam *v.* Hayes, filed in the Ohio Circuit Court, for $12,500. In June, 1880, appellants, Harding and West, became liable for Hayes on his bond as executor of the will of Joseph Hayes, deceased, filed in the Dearborn Circuit Court, in the sum of $50,000. Mr. Hayes made default, as executor, in the sum of $1,848.27, and judgment on the bond was rendered therefor, and costs, in the Ohio Circuit Court, on the 21st day of June, 1883. The defendants, other than Mr. and Mrs. Hayes, held judg-

ments against Mr. Hayes and were made parties for that reason, but stood on their judgments as rendered, and took no judgments in this case.

The contention of the appellees in the case was, that the deed was made to indemnify the sureties on the Burkam appeal bond only, and as that case was reversed in the Supreme Court, the deed as a mortgage was satisfied.

There was a finding by the court that the deed was given as an indemnity against loss by reason of appellants' becoming sureties on the Burkam appeal bond, that the appeal was perfected and the cause reversed by the Supreme Court of Indiana, and afterwards dismissed by Burkam, and that there was no other consideration. A motion for a new trial was filed by appellants and overruled, and judgment was rendered for the cancellation of the mortgage. The court also found there was due Harding $260.41, and due West $623, waiving relief from valuation laws, and $70.31 subject to appraisement, and rendered judgment accordingly.

It is contended by appellants that as the evidence shows there were taxes and insurance paid by them upon the property while they still held the deed, and that it was understood between appellants and Mr. Hayes that this deed was given as an indemnity to secure appellants against all liability that they were incurring as sureties for Hayes, the finding of the court was not supported by the evidence.

It is also contended that as Harding was not present when the deed was delivered by Hayes to West and when West delivered the deed to Harding, that when West delivered the deed to Harding there was nothing said limiting the deed to the indemnity for the one bond, and he acted upon it and became surety on other bonds, on the theory that it was an indemnity against loss by reason of any liability he might incur on account of becoming surety for Mr. Hayes, that, therefore, Harding can recover for any loss incurred by reason of being surety, and for taxes and insurance on the property.

The contest in this case on the trial was as to what the deed

was given to indemnify against, and the court found that it was given as an indemnity against loss by reason of becoming surety on the Burkam appeal bond, and for no other consideration.

There is evidence in the record from which such a finding could be made, and, therefore, under the well settled rule of this court that a cause will not be reversed on the weight of the evidence, that question is settled.

The finding of the court is conclusive on the question of the consideration of the mortgage, and it is a finding that it was not given as an indemnity against any other liability except the Burkam appeal bond; but there remains the question as to whether any of the amounts, the payments of which by the appellants are not controverted, were incurred by reason of being surety on the Burkam appeal bond; if so, the finding and judgment is erroneous.

The item of $127.28, paid by appellants for taxes on the real estate described in the mortgage, was paid on the 3d day of March, 1884, while the Burkam case was pending in the Supreme Court. The Burkam case was reversed on the 1st day of April, 1884. During the time the mortgage remained in force and unsatisfied, the appellants had the right to pay the taxes on the real estate, and collect the same as a part of the mortgage debt, and to have it included in the mortgage lien.

We find no evidence in the record disputing the payment of the taxes or the date of payment. The taxes being paid before the reversal of the Burkam judgment, and the amount paid becoming a part of the mortgage debt, the reversal only satisfied the debt to the amount of the bond, and appellants were entitled to have a foreclosure of mortgage to satisfy their claim for taxes. See section 6451, R. S. 1881. *Semans* v. *Harvey*, 52 Ind. 331.

The finding of the court that the mortgage was satisfied was contrary to the undisputed evidence in the case, and the

court erred in overruling the motion for a new trial, and for this reason the judgment must be reversed.

Judgment reversed, with costs, and instructions to the court below to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed Feb. 12, 1889.