Elder v. True.

---

### ELDER *versus* TRUE.

If the mortgager of land, or his assignee, convey the same by deed of warranty, he no longer is entitled to redeem against the mortgage.

His grantee is under no obligation to redeem.

If the mortgage be foreclosed, the measure of damages to be recovered by such grantee, on the covenant of warranty, is the value of the land at the time of his eviction, with interest from that time.

If the covenantee have made improvement, since the taking of the deed, the value of them is to be included as part of the value of the land.

COVENANT BROKEN. The opinion of the court sufficiently presents the facts. By agreement, the court was to determine the measure of damage.

*Kelley* and *McCrillis*, for the plaintiff.

The damage to be assessed is the value of the land at the time of the eviction under the mortgage, with interest.

2 Greenl. on Ev. 242, 200 ; 8 Pick. 546, 547 ; 11 Pick. 462 ; 12 Mass. 304 ; 2 Green, N. Jersey, 48 ; 3 Metc. 81.

It was not the plaintiff's duty to redeem ; he might well repose upon the covenants. The object of taking covenants is to obtain that repose.

*Cutting*, for the defendant.

Whose duty or privilege was it to redeem ? Was it the plaintiff's or the defendant's ?

In relation to these very premises, this court decided that True, after conveying to the plaintiff, had no right to redeem. *True* v. *Haley*, 24 Maine, 297.

Elder then succeeded exclusively to True's rights.

It was, then, the duty of Elder to redeem. He knew of the mortgage. The registry also was constructive notice to him. *Cushing* v. *Ayer*, 25 Maine, 393.

If, as was his duty, Elder had redeemed, then instead of resorting to the covenants of the defendant, he should have sought for a reimbursement out of the estate embraced in the Remick mortgage, which Remick had conveyed to Lowell, as the case finds, subsequently to his said conveyance to Sturgis, the defendant's grantor.

The Lowell tenement or estate was liable for the payment of the balance due on the mortgage, as between Lowell and Sturgis and his grantee, provided the Lowell estate was sufficient in value to pay that amount, about which there is no doubt, since the consideration, as expressed in Lowell's deed, was $1400. And Lowell could not claim a contribution.

In *Clowes* v. *Dickinson*, 5 Johns. Ch. R. 242, Chancellor Kent says, " The subsequent purchaser took only such right as the mortgager had in the remainder of the mortgaged premises ; and the mortgager was bound to apply the land, he had retained, to discharge the mortgage debt and not to suffer the debt to fall upon the portion of land he had sold ; and so discharging the mortgage debt, he would have no right of contribution against his own vendee. The subsequent purchaser under him, could not be in any better situation as it respected

the prior purchaser." And cites *Gill* v. *Lyon*, 1 Johns. Ch. R. 447; *Allen* v. *Clark*, 17 Pick. 55.

Thus Elder, by clearing off the mortgage, if Lowell neglected to do it, might have been reimbursed out of Lowell's part. And Elder, having succeeded exclusively to the legal rights and equities of True, cannot be permitted, after having neglected to enforce them, now, to resort to the defendant's covenants, for the recovery of any damages whatever.

True, in the former controversy, did all that man could do; he arose early and retired late. He made a tender. He filed his bills, both original and supplemental. He knocked at the doors of chancery loud and long, and no relief could be found there.

But if this position be found untenable, and if the plaintiff be entitled to recover at all, the measure of damage cannot exceed the amount due on the mortgage. *Norton* v. *Babcock*, 2 Metc. 516; *White* v. *Whitney*, 3 Metc. 89.

TENNEY, J. — The covenant alleged in the plaintiff's writ to have been broken, is in a deed of the defendant to the plaintiff dated May 20, 1839. The breach relied upon is a paramount and absolute title acquired by Joel Haley, on May 25, 1842, by virtue of a mortgage given by Jacob G. Remick, (from whom the defendant derived his interest through Edward G. Sturgis,) to Mark Haley on Sept. 30, 1834, assigned to said Joel Haley on the same day, and a foreclosure of the same. Joel Haley obtained a conditional judgment on that mortgage for possession; and the condition not having been fulfilled by the payment of the sum of $333,90, the amount found due upon the mortgage at the time of the judgment, a writ of possession was taken out, which was executed on May 25, 1839; and the premises were occupied by the tenants of Joel Haley; they paid rent to him, and one of these tenants was the defendant. After the mortgage of Remick was given, he conveyed a portion of the premises to said Sturgis, on Oct. 19, 1835, for the consideration of $2200, and Sturgis, on Oct. 26, 1835, conveyed the same

to the defendant for the consideration of $1000, and on Dec. 10, 1835, Remick conveyed the residue of the premises to John Lowell for the consideration of $1400. After an unsuccessful attempt of the defendant to redeem the premises by a resort to a bill in equity in his own name alone, he was permitted to amend his bill, by adding the name of Lowell as a party plaintiff, but the bill was dismissed at the hearing after the amendment.

The defendant denies the right of the plaintiff to recover damages; but if damages are recoverable, it is contended, that their amount should be limited to the sum, which was due upon the mortgage at the time of the eviction.

It is insisted, that under our statute, as determined in the case of *True, in Equity,* v. *Haley,* 24 Maine, 297, the defendant not being able to maintain a suit in equity, for the redemption of the premises, after the alienation of his interest therein, that his grantee was compelled to remove the incumbrance, or to forfeit the estate without remedy upon his grantor under the covenants in the deed. And it is further insisted, that if he had removed the incumbrance, he would have stood in the place of the mortgagee and held the entire estate, unless the owner of the part subsequently conveyed by the mortgager to Lowell, being of greater value than the amount due upon the mortgage, had reimbursed him the whole sum paid in the redemption.

If the amount of the debt secured by the mortgage, had been paid by the plaintiff previous to the foreclosure of the same, it would have been in the power of Lowell, by taking the proper steps, to have caused the discharge of the incumbrance upon the part of the premises held by him; whether by the payment of the whole debt or such proportion thereof, as his part of the premises bore to the whole, is a question not now presented for consideration, and one, which we cannot legally decide, inasmuch as the parties to be affected by such a decision are not now before us; and we cannot in a suit at law, consider the equities, which may have existed among the several owners of the right of redemption.

Was the plaintiff bound to make the advance for the removal of the incumbrance, or forfeit absolutely the estate held under the defendant, without recourse to him, as his warrantor for indemnity? The contract in the covenant in the deed was, that the premises were free from all incumbrances, at the time of the execution; that the grantor would warrant and defend the premises against the lawful claims of any persons. The import of this language is plain. There is nothing equivocal or ambiguous therein. The value of the estate, as it was represented in the deed, is supposed to have been given by the grantee. If the land was in fact incumbered, the grantor agreed to make it, what he had covenanted, that it was. The grantee is not presumed to have ascertained with certainty what incumbrances existed, at what time they would ripen into an indefeasible title, and what sum would be required for their removal, and to have contracted to remove them himself, when the grantor declares in the very covenant, that the premises are free from all incumbrances. Instead of being presumed to ascertain all these facts, the grantee is supposed to have taken his deed relying upon the covenants therein, that no lawful claim to the land, should be preferred against his title. If his duty and his obligations, were such as it is contended for the defendant they were, the result is, that he advanced to the grantor, the sum necessary to remove the incumbrances, (as he paid the value, as the land is described to be,) who had no right to it, and could be called upon for its restoration, only upon its payment, again by the grantee, to the party to whom it did belong. A more simple process would seem to be, to receive a deed of the grantor's right only, for a proper consideration, without covenants, if with them, the same burdens are legally imposed upon him.

The obvious meaning of the language of the covenants cannot be annihilated or changed by the difficulty, which the covenantor may find in causing a removal of the incumbrances, which he has undertaken. The duty, which he has contracted to perform, although attended with embarrassment, and met by obstacles, which may not be removed without

unexpected expense, cannot materially alter the intention of the parties, disclosed by the deed, and throw a burden upon the party, who did not undertake to bear it, and relieve the other from all damages, on account of a supposed inability to place the former, in the position, which he had engaged he should hold. The law, which precludes the defendant from maintaining a bill in equity in his own name, for the redemption of the estate, cannot absolve him from his liability on a covenant, that no incumbrance existed, when it turns out to be otherwise.

The statute of Massachusetts, revised in 1836, c. 107, § 13, has a provision substantially the same as that in the Revised Statutes of this State, c. 125, § 6, under which the case of *True* v. *Haley*, before referred to, was decided. In the case of *Norton* v. *Babcock*, cited for the defendant, it is said by the court, *arguendo*, "there is an outstanding mortgage, and the mortgagee is about to foreclose and oust the grantee. He must redeem or be evicted. If he is evicted, he will have a remedy on his covenants."

If the plaintiff had preferred the estate to the value of it, he could have removed the incumbrance ; but not having so elected, he is not thereby barred of his remedy against his covenantor, upon his covenants.

The plaintiff not being bound to redeem in order to maintain an action upon his covenants, it follows, that he is entitled to such damages, as he has sustained by the breach of the defendant's engagement. The authorities very clearly give the rule, that the damages, which the covenantee shall recover, is the value of the land at the time of the eviction and interest ; and if improvements and erections have been made by the covenantee, since he received his deed, the value of these may be properly estimated. *Babcock* v. *Norton*, 2 Metc. 510 ; *White* v. *Whitney*, 3 Metc. 81.

*Defendant defaulted.*