May Term,
1861.

BURK
v.
CLEMENTS.

BURK and Another *v.* CLEMENTS.

*A.* conveyed certain real estate to *B.*, by a warranty deed. Subsequently, the rents and profits of the land for a term of seven years were sold upon a judgment against *A.*, of older date than the deed, and bought in by *B.*

*Held,* that if a third person had purchased the premises at the sheriff's sale, and *B.* had been evicted for the seven years' term, the value of that term could have been recovered by him of *A.*, on his warranty.

*Held,* also, that *B.* was under no obligation to bid on the premises, or to remove the incumbrance.

*Held,* also, that if he had paid off the incumbrance without a sale, the amount thus paid, with interest, and perhaps necessary incidental expenses, would have been the measure of his damages.

*Held,* also, that having bid in the property himself, his measure of damages is the amount of his bid with interest, and perhaps any necessary incidental expenses, and not the value of the seven years' term.

*Wednesday,*
*May 29.*

APPEAL from the *Boone* Common Pleas.

WORDEN, J.—This was an action by *Clements* against *Burk* and wife, to foreclose a mortgage given by the latter to the former, to secure the payment of certain promissory notes.

Answer, in substance, that the mortgaged premises were sold by *Clements* to *Burk*, and a warranty deed executed therefor, and the notes in suit given for the purchase money. That at the time of the sale and conveyance, the premises were incumbered by the lien of a certain judgment in favor of one *Nathaniel Johnson*, against *Clements*. That before the notes thus given for the purchase money became due, an execution was issued upon the judgment, the premises in question levied upon, and the rents and profits thereof for the term of seven years sold by the sheriff, upon the execution. That *Burk* became the purchaser thereof, at the sum of $350; and took the sheriff's deed therefor. That the annual value of the premises is $120, and the value of the seven years' term $840. On motion of the plaintiff, the allegations in this answer respecting the value of the premises for the seven years' term were stricken out, and the defendants excepted. This ruling presents the only question discussed by the counsel for the appellants in his brief. There

was a finding and judgment for the plaintiff, allowing the defendant by way of recoupment, for aught that appears, all that he was entitled to; unless he was entitled to have recouped the value of the seven years' term thus set up, instead, merely, of the amount paid by him, and perhaps necessary incidental expenses.

May Term, 1861.

BURK
v.
CLEMENTS.

Had the premises been sold to a third person, and had the defendant been evicted for the seven years' term, the value of that term could probably have been recouped, as he would have been damaged to that amount by reason of the incumbrance. The defendant was under no legal obligation to bid on the premises or remove the incumbrance.

The real question is, to what extent has the defendant been damnified by reason of the incumbrance? For the plaintiff is bound to make good his warranty; that is, he is to pay (in this case by way of recoupment,) a sum of money which will put the defendant in as good a state as if he had kept his covenant. Sedgwick on Dam. 178. Had the incumbrance been paid off by the defendant without a sale, the amount thus paid, with the interest, and perhaps necessary incidental expenses, would have been all that he would have been entitled to for the breach of the covenant. *Id.* This would have made him whole; and we think his position is not changed by the fact that he bought in the seven years term. He has not been evicted, and the extent of his damage is the amount he has paid with the interest, and perhaps any necessary incidental expenses. The value of the term thus purchased in by him is not the proper criterion to determine the damages; and we do not see how any injury could have accrued to the defendant in striking out the allegations.

The counsel for the appellants have mistaken the action of the Court in one particular. They say in their brief that the whole paragraph of the answer, setting up the foregoing facts, was stricken out. The bill of exceptions, however, informs us that only that portion which alleged the value of the premises for the term thus sold, was stricken out. For aught that appears the defendant had the full benefit of his legitimate defense.

May Term, 1861.

THE STATE
v.
WILSON.

*Per Curiam.*—The judgment is affirmed, with costs, and 5 per cent. damages.

*O. S. Hamilton* and *D. H. Hamilton*, for the appellants.

*A. J. Boone*, for the appellee.