65  103
74  351

WILLIAM FARRELL LUMBER COMPANY *v.* DESHON.

Opinion delivered March 5, 1898.

DEED—COVENANT—DAMAGES.—In case of a deed containing covenants against incumbrances, the covenantee, when sued on the purchase money note, is entitled to recoup any damages he may have sustained in consequence of a breach of such covenants; and since the covenantee may rely upon the covenantor to remove all incumbrances, he will not be chargeable with neglect if he fail to redeem from a tax forfeiture incurred by the covenantor until the state's title has been perfected. (Page 104.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

STATEMENT BY THE COURT.

Appellee brought suit in the Pulaski circuit court upon the following instrument of writing: "Little Rock, Ark., September 20, 1893. Received of J. W. Deshon, trustee, three hundred and fifty dollars ($350) for land in Grant county, to be paid on or before two years. WM. FARRELL LUMBER CO."

This case was tried by the court sitting as a jury. The facts, as found by the court, are as follows: The note sued on ($350), of date September, 1893, was given for certain lands, in all 160 acres, described in deed which warranted the title to the defendant company and against incumbrances. At the time of the conveyance the land was incumbered by a lien for $40, for attorney's fees, and also to the extent of $4.67 on one 40 acre tract for taxes, which amount the defendant paid out to redeem. Also 120 acres of land were incumbered to

the extent of $14.01, as estimated by the court, for taxes, which was not redeemed by defendant, and for which defendant afterwards paid the state $151, but which, by the use of proper diligence on the part of defendant, it could have redeemed from tax forfeiture for the amount above stated, of $14.01.    There is due on the note the amount stated on its face, $350, less incumbrances above set forth, amounting in all to $58.68, leaving balance due of $291.32, with interest at six per cent. from date of note, September 20, 1893.

The court declared the law as follows:    "The defendant is entitled to a deduction, at the time of the execution of the note, only of such amount as it was then incumbered for, and is not entitled to an allowance for the additional expense it was put to by reason of its own negligence in failing to make the redemption of the 120 acres."

The court rendered judgment for appellee in the sum of $291.32.

*J. A. Watkins*, for appellant:

The deed under which appellant purchased warranted the title to the property "against all lawful claims whatsoever." Hence appellant was entitled to deduct the amount he had to expend in protection of his title against a sale for taxes before his purchase.    47 Ark. 295; 35 Ark. 348; 31 Ark. 319.

*S. S. Wassell*, for appellee.

Appellant was not compelled to pay the attorney's fee, since there was no lien therefor, as against the state.    There has been no tender of the balance admitted to be due.    30 Ark. 505.

Wood, J., (after stating the facts.)    A covenant against incumbrances in a deed is one *in praesenti*.    If incumbrances exist, the covenant is broken as soon as made.    The breach of such a covenant is "single, entire and perfect in the first instance," and the right of action accrues at once.    Rawle, Cov. for Tit. §§ 189, 205; 4 Kent, Com. 471; *Smith* v. *Jefts*, 44 N. H. 482.    The covenantee, however, is not compelled to sue at once; and, if he sue before he has been disturbed or has suffered injury by reason of the incumbrance (not having paid

anything to remove or extinguish it), he can only recover nominal damages.

The rule as respects the measure of damages is to treat the covenant against incumbrances as a covenant of indemnity. Rawle, Cov. for Title, § 188; *Norton* v. *Babcock*, 2 Metc. 510. In case of a breach, the covenantee should recover the damages he may have sustained in consequence thereof. Accordingly, where a covenantee in a deed is sued by the covenantor (who covenants against incumbrances) on a note given for the purchase money of the land conveyed, the covenantee, if he ask it, should receive credit for such sum as he has had to pay in order to protect his title against any incumbrance made or suffered by by the covenantor. See *Morris* v. *Ham*, 47 Ark. 293.

Here the covenant against incumbrances was broken by reason of a forfeiture for the nonpayment of taxes which existed at the time of the execution of the deed containing the covenant. The appellant redeemed one of the tracts, but, failing to redeem the other, the title to which became absolute in the state, and, in order to get title to this, it was compelled to purchase from the state, paying the sum of $151. Negligence cannot be predicated upon a failure by appellant to redeem from the tax forfeitures. True, it might have done so; but it was under no duty or obligation of that kind, and its right at law to stand on its covenant, and to recover damages for breach of same, cannot be affected by its failure or refusal to perform a duty which devolved upon another. Rawle, Cov. for Tit. § 181; *Burk* v. *Clements*, 16 Ind. 132; *Elder* v. *True*, 32 Me. 104; *Stewart* v. *Drake*, 14 N. J. L. 143; *Miller* v. *Halsey*, 14 N. J. L. 48. Appellee had broken his covenant, and it was his duty to see that no injury resulted to appellant's title by reason of said breach.

The court therefore erred in its declaration of law, and in refusing to allow the credit of $151, instead of $14.01.

There was no appeal by appellee from the allowance in favor of the appellant of the amount of attorney's lien.

Reverse the judgment, and remand the cause for a new trial.