MURPHEY *v.* CARTER.

Opinion delivered October 6, 1930.

*June P. Wooten,* for appellant.

*Bogle & Sharp,* for appellee.

KIRBY, J. This appeal is from a judgment for damages for breach of covenant of warranty in a deed conveying certain lands.

L. G. Murphey conveyed 314 acres of land by warranty deed in Monroe County, Arkansas, to T. C. and A. C. Carter, which had been conveyed to him on January 11, 1904, by a deed from Mrs. Emma Smith, widow of the late W. W. Smith one time member of the Supreme Court of this State. He had been the owner of all the lands except an 80-acre tract, the east half southwest quarter, section 18, township 4 north, range 2 west, which belonged exclusively to Mrs. Smith, and had never been alienated by her prior to the conveyance to Murphey. Litigation arose about the lands between the Carters, Murphey's grantees, and Albert J. Carter, Jr., who claimed to own an undivided interest therein, Murphey not being a party thereto, in which on appeal it was held by this court that Albert J. Carter was the owner of a three-eighths interest in the lands subject to a life estate of L. G. Murphey. For a full statement of the case see *Carter* v. *Carter* 129 Ark. 7, and additional opinion page 573, 195 S. W. 10, 1184.

L. G. Murphey, of whose estate appellant is executor, died March 8, 1929. Thereupon Albert J. Carter brought suit for partition of the lands according to the respective interests of the parties. Appellees admitted three-eighths interest held by Albert J. Carter in all the lands except the 80-acre tract above mentioned, and filed a cross-complaint against appellant executor for judgment because of the failure of title to the three-eighths of the lands conveyed by L. G. Murphey. The Carters, Murphey's grantees, settled this suit by purchasing Albert J. Carter's interest, paying him $4,500 for his three-eighths interest in the lands. They then brought this suit against the executor of L. G. Murphey for the re-

covery of said amount as damages for breach of his covenant of warranty, and from a judgment in their favor the executor has appealed.

The case was heard on an agreed statement of facts reciting that the decree entered by the chancery court upon the mandate from the Supreme Court in said case wrongfully adjudged Albert J. Carter to have three-eighths interest in the aforesaid 80 acres of land which had been separately owned by the widow of Judge Smith, who conveyed to L. G. Murphey. That his grantees, Carter and Carter, held uninterrupted possession of all the lands granted until the bringing of this last suit after the death of L. G. Murphey, the life tenant. Albert J. Carter had no title or interest in the said 80-acre tract except because of the decree in the chancery court upon the mandate from the Supreme Court. The executor denied there was any breach of the covenant of warranty in L. G. Murphey's deed as to the title to the said 80-acre tract of land, and insists that he was entitled to have the value of the life estate, held for 24 years under Murphey's deed, deducted from the value of the fee warranted in estimating the measure of damages for the breach of warranty in the deed to appellees for failure of title to the three-eighths interest.

Appellant insists that there was no breach of L. G. Murphey's warranty to the 80-acre tract of land, which had been the separate property of Mrs. Emma Smith and duly conveyed to him by warranty deed; that the adverse title of Albert J. Carter was subject to the life estate of L. G. Murphey, and that the appellees, having enjoyed the life estate under a conveyance of the fee for a period of 24 years and 4 months and the value thereof exceeding the purchase price, interest and taxes, were not entitled to recover damages; and that appellees by instituting the suit against Carter requiring him to assert a paramount title, thus inviting an eviction, were thus estopped from claiming a breach of warranty.

The undisputed testimony shows that L. G. Murphey, of whose estate appellant is executor, owned the

said 80-acre tract of land in fee at the time he conveyed the same to appellees under covenant of warranty with the other lands conveyed; that he was not a party to the suit between Carters, appellees, his grantees, and Albert J. Carter, who recovered a three-eighths interest in the lands in the Smith estate according to a decree entered by the chancery court upon a mandate from the Supreme Court in the said case of *Carter* v. *Carter*. Appellees were therefore not entitled to recover the proportionate part of the money paid out to acquire the adverse title to this particular 80 acres. The title thereto was good when conveyed by his warranty deed, and failed, if at all, through no fault of his, but by the wrongful adjudication of the court in a suit to which he was not a party. If the grantor Murphey was without title to the said 80-acre tract of land when his conveyance was made, appellees, his grantees, could have purchased the outstanding title without waiting to be disturbed in their possession, and recovered of the grantor the reasonable price which they fairly and necessarily paid for same, it being incumbent upon them to prove not only the amount paid, but that such payment was the reasonable value of the interest acquired. *Pate* v. *Mitchell*, 23 Ark. 591, 79 Am. Dec. 114; *Farrell Lbr. Co.* v. *Dishong*, 65 Ark. 103, 44 S. W. 1036.

They held and enjoyed undisturbed possession of all the lands conveyed them by Murphey until the bringing by them of this last suit against Albert J. Carter, Jr., to quiet their title thereto. They then purchased his interest, after enjoying the full use and possession of all the lands during the lifetime of their grantor under his deed, and, since there was only a partial breach of warranty, the grantor being seized of and having conveyed an estate for life, the value of the life estate should have been deducted from the value of the fee, and the amount necessarily paid for purchasing the outstanding title in estimating the damages for a breach of warranty. 7 R. C. L., § 87, page 1170; *Curtis* v. *Brannon*,

320

)8 Tenn. 153, 38 S. W. 1073; note *Aiken* v. *McDonald* (S. C.) 49 Am. St. Rep. 817; *Campbell* v. *Ry. Co.,* 160 Tenn. 477, 26 S. W. (2d) 141; *Dallas Compress Co.* v. *Leopold,* 205 Ala. 562, 88 So. 681; 2 Tiffany on Real Property, § 455, page 1707.

It follows that the court erred in not allowing a deduction from the amount paid by the grantees for the outstanding title of the proportionate amount paid for the said 80-acre tract, the title to which failed because of the clerical misprision in the entry of the decrees of the court in a suit against appellees, his grantees, to which he was not a party, and also, in not allowing the deduction from said amount paid the value of the life estate actually conveyed by the warranty deed of said L. G. Murphey, appellees' grantor.

The judgment is accordingly reversed, and the cause remanded for further proceedings according to the principles of equity and not inconsistent with this opinion.